The plaintiffs, Newburger, Loeb Company, are a partnership engaged in a brokerage business in the City *Page 73 
of Philadelphia. On January 1, 1931, they succeeded, with no change in membership here material, the brokerage firm of Newburger, Henderson Loeb, and took over their business and accounts, including that of the defendant, Mrs. Elizabeth S.E.ckerson. For purposes of this case the two firms may be regarded as identical.
The plaintiffs sued to recover from defendant a balance alleged to be due them on the closing of her account. They averred in their statement of claim, and proved without contradiction at the trial, that the defendant had opened a brokerage account with the former firm June 23, 1926, which account was carried by the plaintiffs until June 16, 1931, when her securities deposited as collateral were sold because of her failure to meet margin requirements; that she had signed a card in the usual form, dated January 13, 1927, consenting to the sale of securities deposited by her with her brokers, without notice or demand for margin, when such sale should be deemed by them necessary for their protection, and about January 28, 1931, after the reorganization of the firm, at their request, had signed a similar consent card; that plaintiffs' demands for margin deposits, prior to the sale, had not been met; and that on June 16, 1931, when all her securities had been sold, her indebtedness to the plaintiffs exceeded by $2,284.90 the total sum realized from the sales.
The defendant filed an affidavit of defense and counterclaim in which she claimed damages of the plaintiffs for the sale of her securities in violation of an alleged parol agreement. The trial judge submitted to the jury for a special finding the question of the existence of the said agreement. When the jury returned a verdict affirming the agreement, the court directed the entry of a judgment in her favor in the sum of $10,159.52. In fixing this sum the court used figures admitted or proven without contradiction and made the calculation upon the basis of the highest prices reached by her securities within a period of 15 days after the date of the last sale. The amount of *Page 74 
the judgment was later corrected, certain clerical errors having been discovered, and on April 25, 1934, it was ordered that judgment be entered in the sum of $11,029.68 as of February 8, 1934.
The plaintiffs have filed motions for new trial and for judgment notwithstanding the verdict.
The motion for new trial was not seriously pressed and we find no substantial merit in any of the reasons assigned in its support.
A careful review of the testimony is convincing that the motion for judgment n. o. v. cannot be sustained. At the trial the defendant and Major Harris W. Watkins testified to the original making and the repeated reaffirmation of a verbal agreement between Mrs. Eckerson and Frank L. Newburger, Sr., a member of the plaintiff firm. The agreement, according to their testimony, was made about December 15, 1930, following a statement by Newburger to Mrs. Eckerson that her account needed margin support, and was made in consideration of a note for $10,000 signed by Major Watkins and accepted by Newburger to cover margin requirements. The substance of the agreement, as testified to by these witnesses, was that in consideration of the Watkins note and of the agreement of all parties that no purchases for or sales from the account should be made without the consent of Mrs. Eckerson, Watkins and Newburger, the plaintiff firm would carry the account without demand for further margins for a period of two years from the date of the agreement. The trial judge refused to permit evidence of the agreement prior to January 28, 1931, the date upon which Mrs. Eckerson signed the second consent card, on the ground that this card had the effect of invalidating any previous verbal agreement. Not only, however, was there the testimony of both Mrs. Eckerson and Watkins respecting reaffirmations of the verbal agreement after that date, but on cross-examination there was brought out from Mrs. Eckerson direct testimony as to the agreement itself as originally made in December, 1930. If the *Page 75 
agreement was made as contended by the defendant, her subsequent signing of the consent card was without consideration and cannot have the effect of depriving her of the benefit of the verbal contract. Even if the consent card be accorded the effect of cancelling previous verbal understandings, there was the testimony of Mrs. Eckerson and Watkins to reaffirmations of the parol contract which, if believed, were effective for its reinstatement. The verdict indicates that the jury believed this testimony. Although it presented a contract which counsel for plaintiffs contends was unreasonable and improbable, it finds confirmation, among other matters, in the fact of the plaintiffs' retention of the Watkins note for $10,000 and their effort to collect that note after the securities had been sold; in a letter addressed by the firm June 2, 1931, to Major Watkins calling upon him "to make payment of such part of your note as will reimburse us for the deficit, in accordance with your agreement with Mr. Newburger, of this firm"; and in the fact that Mrs. Eckerson's account which had been active prior to December 15, 1930, the date of the alleged agreement, after that date and until the final sale of the securities was entirely inactive. In view of this condition of the record it is impossible to sustain a motion for judgment notwithstanding the verdict.
And now, May 24, 1934, the motions for new trial and for judgment n. o. v. are overruled and discharged and the prothonotary is directed to enter a verdict in favor of the defendant and against the plaintiffs in the sum of $11,029.68 as of date February 8, 1934. Exceptions allowed plaintiffs.
Judgment entered on special verdict for defendant. Plaintiffs appealed.
Error assigned was refusal of judgment n. o. v., quoting record. *Page 76